UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:14-cv-2073 AC P |
| Plaintiff, | |
| v. | ORDER |
| C. DAVIS, et. al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. By order filed September 11, 2014, plaintiff was directed to file a completed affidavit in support of this request. ECF No. 5. Pursuant to the court's order, plaintiff has submitted the requested documentation. ECF No. 6. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Motion To Proceed IFP

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

## Summary of the Complaint

Plaintiff alleges that defendant C. Davis, a prison librarian at High Desert State Prison, harassed plaintiff by repeatedly threatening to take away his "preferred legal user" ("PLU") status if he continued providing legal assistance to other inmates while in the prison library under PLU status. ECF No. 1 at 3, 8-12. Plaintiff further alleges that Davis retaliated against plaintiff for exercising his right of access to the courts when she solicited other inmates to threaten plaintiff. ECF No. 1 at 3, 6-7, 12. Plaintiff alleges that Davis made "slanderous allegations" in front of "the whole [prison] library" and damaged his reputation. ECF No. 1 at 6-7, 11. Plaintiff further alleges that prison officials lost his CDCR 602 appeal forms in which he set forth the above allegations, and prevented him from filing a replacement form. ECF No. 1 at 2. Plaintiff requests that the court remove defendant Davis from her position as librarian at the B-2 prison library and requests "any other redress" the court deems appropriate.[1]  ECF No. 1 at 3.

## Analysis

### Harassment

"[V]erbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).  "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam); see also Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009).  Verbal harassment intended to humiliate or endanger the inmate, however, may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th

---

[1] To the extent plaintiff seeks injunctive relief in the form of a court order directing the removal of the prison librarian, the court is without jurisdiction to grant such a request.

1   Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th
2   Cir. 1998).

3       Here, plaintiff's allegations that Davis harassed plaintiff by repeatedly threatening to take
4   away his PLU status and soliciting other inmates to threaten him, without more, fails to state a
5   claim for relief.  Plaintiff does not allege that Davis' conduct was intended to humiliate him or
6   "[was] calculated to and did cause" harm to plaintiff.  See Keenan, 83 F.3d at 1092.  Plaintiff's
7   claim will be dismissed but plaintiff will be given leave to amend.

8       <u>Right of Access to the Courts</u>

9       Prison inmates have a constitutionally protected right to access the courts in order
10  to bring challenges to their criminal convictions and to the conditions of their confinement.
11  Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  Prison officials may not actively interfere with an
12  inmate's ability to access the courts.  Silva v. Di Vittorio, 658 F.3d 1090, 1102-03 (9th Cir.
13  2011).  When a prisoner alleges such interference, he must demonstrate actual injury such as the
14  inability to meet a filing deadline or to present a non-frivolous claim.  Lewis, 518 U.S. at 348-49,
15  352-53 & n.3; Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), cert.
16  denied, 132 S. Ct. 1823 (2012); Silva, 658 F.3d at 1102-03.  Actual injury is a jurisdictional
17  requirement and may not be waived.  Nevada Dept. of Corr., 648 F.3d at 1018 (citing Lewis,
18  518 U.S. at 349).

19      Relying on Johnson v. Avery, 393 U.S. 483 (1969), plaintiff appears to assert that the
20  constitutional right of access to the courts includes the unfettered right to provide legal assistance
21  to other inmates.  See ECF No. 1 at 8.  In Johnson, the Court invalidated a state prison regulation
22  that prohibited inmates from providing legal assistance to other inmates in the preparation of
23  petitions for post-conviction relief.  393 U.S. at 490.  However, the Court recognized that:

24/25/26/27
> [T]he State may impose reasonable restrictions and restraints upon the acknowledged propensity of prisoners to abuse both the giving and the seeking of assistance in the preparation of actions for relief: for example, by limitations on the time and location of such activities and the imposition of punishment for the giving or receipt of consideration in connection with such activities.

28  Id.  No such blanket prohibition against providing legal assistance to other inmates is alleged in

4

1  plaintiff's complaint.  Rather, plaintiff's complaint and exhibits make clear that Davis

2  consistently informed plaintiff that, while in the library *under PLU status*, he could not assist

3  other inmates and could work solely on his own legal matters during that time.  See ECF No. 1 at

4  8-10.

5  In any case, plaintiff's allegations fail to establish or allege an actual injury as a result of

6  Davis' conduct.  Lewis v. Casey, 518 U.S. at 351-53.  Plaintiff's allegations that Davis threatened

7  to take away plaintiff's PLU status if he did not do his work quietly and cease assisting other

8  inmates, without more, does not state a claim of denial of access to the courts.  Plaintiff's claim

9  will be dismissed but plaintiff will be given leave to amend.

10         Retaliation

11  Retaliation by prison officials for the exercise of a prisoner's constitutional right of access

12  to the courts violates the federal constitution.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

13  Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d 1395, 1402

14  (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v. Dawson, 778 F.2d

15  527, 532 (9th Cir. 1985).  In order to state a retaliation claim, a plaintiff must plead facts which

16  suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating"

17  factor behind the defendant's conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314

18  (9th Cir. 1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which suggest an

19  absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806

20  (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski,

21  830 F.2d at 139 (internal quotation marks and citations omitted).  Even threats of bodily injury

22  are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act

23  itself.  See Gaut, 810 F.2d at 925.

24  To the extent plaintiff's retaliation claim is based on Davis' attempts to preclude him from

25  assisting other inmates while in the library under PLU status, plaintiff has failed to plead facts

26  which suggest an absence of legitimate correctional goals for Davis' conduct.  Plaintiff's

27  complaint suggests that prison policy requires that inmates who are in the library under PLU

28  status are only allowed to work on their own legal affairs and may not use that time to assist

others, and that Davis was merely enforcing this policy.  See ECF No. 1 at 8-10, 16.

To the extent plaintiff's retaliation claim is based on plaintiff receiving threats of physical harm from other inmates at Davis' direction, these allegations are insufficient to state a claim for relief because they are mere threats.  Plaintiff's complaint demonstrates that during the confrontation with the two other inmates, "physical altercation was . . . avoided." ECF No. 1 at 12.  Plaintiff's claim will be dismissed but plaintiff will be given leave to amend.

### Threats to Inmate Safety

If plaintiff intends to allege a separate claim based on threats to his safety, he is advised that the Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Id. at 833.  However, "not . . . every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.  "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious;' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id.  Second, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff alleges that Davis solicited other inmates to threaten plaintiff.  ECF No. 1 at 6-7, 12.  However, because plaintiff does not allege that he suffered any injury, plaintiff fails to allege a sufficiently serious deprivation.  Plaintiff's claim will be dismissed but plaintiff will have leave to amend.

### Defamation

Plaintiff alleges that defendant Davis "slandered" him by saying in front of other inmates in the prison library that she did not want plaintiff to aid other prisoners and that she believed he

was using the library to "drum up business" because she heard that he charged large sums of money to aid other inmates. ECF No. 1 at 11. In his exhibits, plaintiff includes a copy of a CDCR 602 "Inmate/Parolee Appeal" form in which he alleges that, as a result of Davis' statements, he suffered damage to his reputation as a jailhouse lawyer and activist for prisoner's rights. ECF No. 1 at 6-7.

If plaintiff intends to allege a defamation claim in his complaint, he is informed that injury to reputation is not a liberty or property interest protected by the due process clause of the Fourteenth Amendment, and therefore injury to reputation alone does not present an actionable claim under section 1983. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), citing Paul v. Davis, 424 U.S. 693, 703 (1976). In order to state a claim for defamation under section 1983, a plaintiff must allege loss of a recognizable property interest in conjunction with the allegation of injury to reputation. Id. The Cooper court noted two ways that a plaintiff could meet this so-called "stigma-plus" test:

> One way is to allege that the injury to reputation caused the denial of a federally protected right. Stevens v. Rifkin, 608 F.Supp. 710, 726–27 (N.D.Cal.1984) (where plaintiffs alleged that prosecutor disseminated accusations to the press in an attempt to deprive plaintiff of his Sixth Amendment right to an impartial jury panel, this stated a claim for relief under section 1983). See also Wisconsin v. Constantineau, 400 U.S. 433, 434 n. 2, 437, 91 S.Ct. 507, 508 n. 2, 510, 27 L.Ed.2d 515 (1971) (plaintiff stated cause of action under section 1983 for due process violation where defamatory act of posting an individual's name as having an excessive drinking problem without prior hearing resulted in the deprivation to that individual of the right previously held under state law to purchase or obtain liquor); Marrero v. City of Hialeah, 625 F.2d 499, 517 (5th Cir.1980) (court held plaintiff stated a due process violation under section 1983 where the alleged defamation by the public official caused plaintiff to lose business goodwill, a protected property interest in Florida), cert. denied, Rashkind v. Marrero, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981).
>
> A second basis for finding an actionable claim under section 1983 is where the plaintiff alleges the injury to reputation was inflicted in connection with a federally protected right. Stevens, 608 F.Supp. at 727 (court held plaintiffs stated proper claim under section 1983 where defamatory statements were made in connection with alleged unconstitutional arrest and prosecution). See also Gobel v. Maricopa County, 867 F.2d 1201, 1205 (9th Cir.1989) (plaintiffs properly alleged the kind of "defamation plus" injury necessary to state a section 1983 claim where they alleged that the false statements were made in connection with their illegal arrest); Board

> of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972) (defamation in the course of termination of public employment by the state sufficient to state cause of action under section 1983).

Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991) on reh'g, 963 F.2d 1220 (9th Cir.1992).

In this case, plaintiff has made no allegation that he has suffered any injury other than that to his reputation, and, accordingly, has failed to allege a colorable defamation claim.

### Prison Grievance Procedure

Plaintiff alleges that several of his CDCR 602 "Inmate/Parolee Appeal" forms have been lost by defendant M. Calhoun or other prison officials and that his request to submit another form raising the claims set forth in the missing forms was denied. ECF No. 1 at 2, 23-24. Plaintiff alleges that he was not given a reason for the denial, other than "talk to Calhoun." ECF No. 1 at 2. It is unclear from these allegations if plaintiff seeks to allege a distinct claim against defendant Calhoun, or is merely attempting to explain a potential failure to exhaust administrative remedies.[2]  See ECF No. 1 at 2.

To the extent plaintiff seeks to allege a due process violation against defendant Calhoun predicated on his mismanagement of a grievance filed by plaintiff, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").

---

[2] Failure to exhaust administrative remedies is an affirmative defense, meaning that a prisoner is not required to plead and to demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007).

8

Specifically, a failure to process a grievance does not state a constitutional violation. <u>Buckley</u>, 997 F.2d at 495. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Plaintiff's claim against defendant Calhoun will be dismissed but plaintiff will be granted leave to amend.

<u>Claims Against the Warden, Assistant Warden, and Director of the CDCR</u>

As to the unnamed warden, the assistant warden, and the director of CDCR, plaintiff fails to link the conduct of these officials to any alleged constitutional deprivation he has suffered. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff alleges only that the warden declined plaintiff's request for a meeting, and

1  makes no specific allegations at all against the assistant warden or the director of the CDCR.  See
2  ECF No. 1 at 11, 13.  Plaintiff's claims against the warden, the assistant warden, and the director
3  of the CDCR each in their individual capacity will be dismissed.  Plaintiff will have leave to
4  amend.

5      If plaintiff chooses to amend the complaint, he must demonstrate how the conditions
6  complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625
7  F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named
8  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
9  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
10  v. Goode , 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
11  588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil
12  rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d at 268.

13      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
14  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
15  complaint be complete in itself without reference to any prior pleading.  This is because, as a
16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20  <u>Motion for Temporary Restraining Order and Preliminary Injunction</u>

21      Plaintiff has also filed a motion for a temporary restraining order and a motion for
22  injunctive relief.  ECF No. 7.  The legal principles applicable to requests for injunctive relief,
23  such as a temporary restraining order or preliminary injunction, are well established.  To prevail,
24  the moving party must show either a likelihood of success on the merits of the underlying
25  controversy and the possibility of irreparable injury, or that serious questions are raised and the
26  balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v.
27  Wilson, 122 F.3d 692, 700 (9th Cir.1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762
28  F.2d 1374, 1376 (9th Cir.1985).  The two formulations represent two points on a sliding scale

with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334–35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2 (1977).

The Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order. First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. See Local Rule 231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 231(c). Additionally, for a temporary restraining order/preliminary injunction, the plaintiff must provide a proposed order. See id.

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

A motion for injunctive relief must relate to the allegations in the complaint. If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the

1  conduct asserted in the complaint.  See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994);

2  see also De Beers Consol. Mines, Ltd., v. United States, 325 U.S. 212 (1945).

3       Plaintiff seeks a preliminary injunction and temporary restraining order asking the court to

4  enjoin defendants and "all other persons acting in concert" with them from precluding plaintiff

5  from mailing legal documents related to the underlying case.  ECF No. 7 at 1-2.  Plaintiff alleges

6  that certain unnamed correctional officers ignore his requests to send out legal mail and he is

7  unable to mail his documents until those officers are off duty.  ECF No. 7 at 3-4.  Plaintiff

8  requests that the court issue an order allowing him "to mail all legal documents from the B-yard

9  program office where it's conveyance for mailing is to be overseen by none of less rank than a

10  sergeant." ECF No. 7 at 2.

11       At this time, the court is unable to assess the likelihood of plaintiff's success on the merits

12  as all of his claims in the underlying complaint have been dismissed with leave to amend.

13  Moreover, plaintiff has not demonstrated a significant threat of irreparable injury, and the request

14  seeks relief against those not named as defendants in the underlying (now dismissed) complaint.

15  The request will therefore be vacated without prejudice to the filing of a well-supported request or

16  motion for preliminary injunctive relief, should plaintiff proceed on colorable claims and any

17  defendant be served.

18  Request for Court Order Allowing Polygraph Examination

19       Plaintiff requests a court order allowing him to take a polygraph examination at his own

20  expense.  ECF No. 8.  Plaintiff is reminded that the court accepts the allegations of the complaint

21  as true.  See Hospital Bldg. Co., 425 U.S. at 740.  Therefore, plaintiff's request is denied as

22  unnecessary.

23       In accordance with the above, IT IS HEREBY ORDERED that:

24       1. Plaintiff's request for leave to proceed in forma pauperis is GRANTED.

25       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

27  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28  Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's motion for a preliminary injunction and temporary restraining (ECF No. 7) order is vacated without prejudice.

5. Plaintiff's request for a court order allowing a polygraph examination (ECF No. 8) is DENIED.

DATED: November 25, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE