UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:14-cv-2073 AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| C. DAVIS, et al., | <u>FINDINGS AND RECOMMENDATIONS</u>[1] |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner, incarcerated at High Desert State Prison (HDSP), who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 25, 2014, this court dismissed plaintiff's original complaint with leave to file an amended complaint, and vacated without prejudice plaintiff's motion for preliminary injunctive relief. See ECF No. 9. The court then explained the applicable legal standards for stating a cognizable claim based on plaintiff's factual allegations, and the legal standards for seeking preliminary injunctive relief. Id. Now pending is plaintiff's First Amended Complaint (FAC), ECF No. 14, and a new motion for preliminary injunctive relief, ECF No. 15. For the reasons that follow, the court authorizes service of process of the First Amended Complaint on

---

[1] This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

1

defendant Davis, and recommends denial of plaintiff's motion preliminary injunctive relief.

II. Screening of First Amended Complaint Pursuant to 28 U.S.C. § 1915A

    A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In turn, the district court must construe a pro se pleading "liberally" to determine if it states a potentially cognizable claim, and must accord the plaintiff leave to amend unless it is clear that amendment will not cure the deficiencies in the complaint. See Lopez v. Smith, 203 F.3d 1122,

1130-31 (9th Cir. 2000).

### B. Allegations of Plaintiff's First Amended Complaint

Plaintiff's FAC refines the allegations of his original complaint as follows. Plaintiff names only one defendant, HDSP Librarian C. Davis, whom plaintiff alleges has taken the following action against plaintiff because he assists other inmates with their litigation: threatened to take away plaintiff's Preferred Legal User (PLU) status; denied plaintiff access to the library; obtained the cooperation of other prison officials to prevent plaintiff from accessing the library; and persuaded other inmates/gang members to warn plaintiff that he "need[s] to lay back off the lady [Davis] in the law library." ECF No. 1. The FAC alleges that other inmates approached plaintiff with this message on at least two occasions, April 1, 2014 and May 12, 2014, the former resulting in physical injury to plaintiff. Plaintiff alleges that on the latter date a "physical fight . . . was only avoided because plaintiff agreed to do as the two [inmates] were requesting . . . ." ECF No. 14 at 5-6. Plaintiff avers that the alleged physical altercation also resulted in a disciplinary charge against him, and a housing move. ECF No. 1 at 3-6. Plaintiff does not identify the relief he seeks, other than to state that "[p]laintiff reserves the right to seek punitive damages." Id. at 3. However, it is implied that plaintiff also seeks compensatory damages, access to HDSP's law library, and freedom from intimidation and physical injury by other inmates.

For the reasons stated below, the court finds that the FAC states potentially cognizable claims for retaliation and deliberate indifference/failure to protect, but does not state a denial of access claim.

### C. Denial of Access Claim

Prisoners have the right to be free of interference in accessing the courts. "[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." Silva v. DeVittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (original emphasis). The Constitution thus "forbids states from erecting barriers that impede the right of access of incarcerated persons . . . to pursue legal redress for claims that have a reasonable basis in law or fact." Id. at 1102-03 (citations and internal quotation marks omitted). However, to state a

3

1 cognizable denial of access claim based on alleged interference, a prisoner must allege that
2 defendant's challenged conduct resulted in "actual injury" to plaintiff involving a "nonfrivolous
3 legal claim." Lewis v. Casey, 518 U.S. 343, 349-55 (1996). "Actual injury" includes "actual
4 prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
5 deadline or to present a claim." Id. at 348. See also Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir.
6 1994) (plaintiff must allege that he "could not present a claim to the courts because of the state's
7 failure to fulfill its constitutional obligations"). "Like any other element of an access claim, the
8 underlying cause of action and its lost remedy must be addressed by allegations in the complaint
9 sufficient to give fair notice to a defendant." Christopher v. Harbury, 536 U.S. 403, 416 (2002).

10 As in his original complaint, plaintiff's FAC fails to assert that his alleged denial of access
11 to HDSP's law library resulted in an actual legal injury. Plaintiff's alleged physical injuries and
12 alleged disciplinary charge and housing move do not satisfy this requirement. Moreover, review
13 of the allegations of plaintiff's relevant administrative grievance filed with his original complaint,
14 ECF No. 1 at 6-12, indicates that plaintiff made no factual allegations to support a claim of legal
15 injury. Rather, this claim appears to be premised on plaintiff's allegation that other prisoners are
16 denied access to the courts when they are unable to access plaintiff for legal assistance. In its
17 prior order, this court recognized that correctional officials may not impose a blanket prohibition
18 against inmates providing legal assistance to other inmates. Johnson v. Avery, 393 U.S. 483, 490
19 (1969). See ECF No. 9 at 4-5. However, plaintiff cannot assert a denial of access claim on behalf
20 of other inmates.

21 Plaintiff can state a denial of access claim only if he can allege facts demonstrating that he
22 has personally sustained an actual legal injury as a result of his lack of access to the HDSP law
23 library, and as a result of defendant's conduct. The FAC does not allege such facts. Should
24 plaintiff subsequently suffer some legal injury caused by defendant's obstruction of plaintiff's
25 access to the law library, plaintiff may administratively exhausts the resulting denial of access
26 claim and then request leave to amend his complaint to add the claim. See Cano v. Taylor, 739
27 F.3d 1214, 1220 (9th Cir. 2014) (citing, inter alia, Akhtar v. J. Mesa, 698 F.3d 1202, 1210 (9th
28 Cir. 2012)).

D.  <u>Retaliation Claim</u>

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action.  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009), citing <u>Rhodes</u>, 408 F.3d at 568, n.11.

A plaintiff need not allege that the alleged retaliatory action, in itself, violated a constitutional right.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); <u>see</u> <u>also</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury determination of retaliation based on filing of a false rules violation report); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim).  Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.  However, not every allegedly adverse action will support a retaliation claim.  <u>See</u> <u>e.g.</u> <u>Huskey v. City of San Jose</u>, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

The FAC asserts that in response to plaintiff providing legal assistance to other inmates and seeking access to the law library, defendant Davis retaliated against plaintiff by denying him access to the law library; enlisted the cooperation of other correctional officials to enforce this ban; and enlisted other inmates to intimidate plaintiff, resulting in physical injury to plaintiff. While legitimate correctional goals may support plaintiff's limited access to the law library and the cooperation of other correctional officials in attaining this result, no legitimate correctional goals are evident by the alleged enlisting of other inmates to intimidate or harm plaintiff.  Pending further factual development of these matters, these allegations, taken together, are sufficient to

5

1  state a retaliation claim against defendant Davis.  See Rhodes, 408 F.3d at 567-68.

2       E.  Deliberate Indifference Claim

3       "It is undisputed that the treatment a prisoner receives in prison and the conditions under
4  which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v.
5  McKinney, 509 U.S. 25, 31 (1993).  Under the Eighth Amendment, prison officials must "take
6  reasonable measures to guarantee the safety of the inmates."  Hudson v. Palmer, 468 U.S. 517,
7  526-27 (1984); see also DeShaney v. Winnebago County, 489 U.S. 189, 199-200 (989) ("[W]hen
8  the State takes a person into its custody and holds him there against his will, the Constitution
9  imposes upon it a corresponding duty to assume some responsibility for his safety and general
10  well-being.").  This responsibility requires prison officials to protect prisoners from injury by
11  other prisoners.  "Being violently assaulted in prison is simply not part of the penalty that
12  criminal offenders pay for their offenses against society."  Farmer v. Brennan, 511 U.S. 825, 833-
13  34 (1994) (internal quotation marks and citations omitted).

14       A "failure to protect" claim under the Eighth Amendment requires a showing that "the
15  official [knew] of and disregard[ed] an excessive risk to inmate . . . safety."  Farmer, 511 U.S. at
16  837.  Because "only the unnecessary and wanton infliction of pain implicates the Eighth
17  Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state
18  of mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and
19  citations omitted).  Under an Eighth Amendment failure to protect claim, "[w]hether a prison
20  official had the requisite knowledge of a substantial risk is a question of fact subject to
21  demonstration in the usual ways, including inference from circumstantial evidence, ... and a
22  factfinder may conclude that a prison official knew of a substantial risk from the very fact that the
23  risk was obvious."  Farmer, 511 U.S. at 842 (citations omitted).

24       The FAC alleges that, as a result of defendant Davis' alleged intentional acts, plaintiff
25  suffered physical injury.  The alleged enlisting of other inmates to warn plaintiff to modify his
26  library activities created an obvious risk of harm to plaintiff and, thus, plaintiff has adequately
27  alleged that defendant had a "sufficiently culpable state of mind."  Wilson, 501 U.S. at 297;
28  Farmer, 511 U.S. at 842.  These allegations are sufficient to state a deliberate indifference/failure

to protect claim under the Eighth Amendment against defendant Davis.

F. Summary

Pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A, the court finds that plaintiff's FAC states cognizable claims for retaliation and deliberate indifference/failure to protect against defendant Davis, for whom service of process is appropriate.

III. Motion for Preliminary Injunction

For the second time, plaintiff seeks preliminary injunctive relief.  See Fed. R. Civ. P. 65. Plaintiff's first request was vacated without prejudice as premature and without merit.[2]  See ECF No. 9 at 10-3.  In the present motion, plaintiff seeks an order of this court "enjoining the Defendant, their successors in Office, Agents and Co-worker(s), employees and all other Persons acting in Concert and participation with them, from precluding Plaintiff from accessing the law library at any time when he has Document(s) from the Court to prove that he has a Deadline other than instances when the security of the prison is in issue."  ECF No. 15 at 1-2.  In addition, plaintiff seeks an order enjoining defendant Davis and other HDSP officials "from making threats of physical violence to Plaintiff or employing or eliciting other prisoners to convey such or contact plaintiff for any reason."  Id. at 2.  The attached declaration, like the requested relief, challenges the conduct of several correctional officials in addition to defendant Davis.  See id. at 3-6; see also ECF No. 16 (request to expedite decision on motion for preliminary injunctive relief).

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to

---

[2]  The court reasoned, ECF No. 9 at 12:

> At this time, the court is unable to assess the likelihood of plaintiff's success on the merits as all of his claims in the underlying complaint have been dismissed with leave to amend.  Moreover, plaintiff has not demonstrated a significant threat of irreparable injury, and the request seeks relief against those not named as defendants in the underlying (now dismissed) complaint.  The request will therefore be vacated without prejudice to the filing of a well-supported request or motion for preliminary injunctive relief, should plaintiff proceed on colorable claims and any defendant be served.

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision in a case after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

    If the alleged facts underlying the FAC are proven, plaintiff has a reasonable opportunity to succeed on the merits of his retaliation and deliberate indifference claims. Nevertheless, plaintiff's motion for preliminary injunctive relief is overly broad, casting a net over all HDSP correctional officials and potential successors, only one of whom is a party in this action and who has not yet been served process. Also overly broad is plaintiff's attempt to obtain unlimited access to the HDSP library, because there are legitimate penological reasons for limiting an inmate's access to the library and this court cannot micromanage the institution's application of its policies and procedures in that regard. Moreover, even assuming that plaintiff's allegations establish a genuine possibility of physical harm from other inmates at the instigation of defendant Davis, plaintiff has failed to demonstrate that any such danger is imminent. Despite the recent filing of plaintiff's current motion for injunctive relief and his supporting request to expedite this matter, ECF Nos. 15, 16, nearly a year has passed since the April 2014 incident when plaintiff was allegedly injured by other inmates at defendant's behest. Defendant does not identify any current facts that would support a reasonable inference that further injury is imminent.

    Because plaintiff has not demonstrated that he is likely to suffer imminent harm in the

absence of preliminary relief, the balance of equities tips in defendant's favor. For these reasons, plaintiff's motion for preliminary injunctive relief should be denied.[3]

IV. Conclusion

    1. This action shall proceed on plaintiff's First Amended Complaint (FAC), ECF No. 14, on plaintiff's claims of retaliation and deliberate indifference/failure to protect.

    2. Service of process is appropriate for defendant C. Davis.

    3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the FAC filed January 26, 2015.

    4. Within thirty days from the filing date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for defendant Davis; and

        d. Two copies of the endorsed FAC filed January 26, 2015.

    5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    6. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

    1. Plaintiff's motion for preliminary injunctive relief, ECF No. 15, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] Plaintiff is directed to refrain from filing repeated motions for injunctive relief. This court cannot authorize the blanket prohibitions that plaintiff seeks. See 18 U.S.C. § 3626(a)(2). Plaintiff should not seek injunctive relief unless he can allege facts demonstrating the possibility of specific imminent harm that may be prevented by a narrowly tailored court order. Failure to abide by this warning may result in the imposition of sanctions. See Fed. R. Civ. P. 11.

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED February 17, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>   v.<br><br>C. DAVIS, et al.,<br><br>        Defendants. | No.  2:14-cv-2073 AC P<br><br>NOTICE OF SUBMISSION<br>OF DOCUMENTS |

      Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        One completed summons form

    \_\_\_\_        One completed USM-285 form

    \_\_\_\_        Two copies of the First Amended Complaint filed January 26, 2015

_____      _____
Date                                                                                   Plaintiff