UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:14-cv-2073 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| C. DAVIS, | |
| Defendant. | |

Plaintiff is a state prisoner who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, against sole defendant C. Davis, a librarian at High Desert State Prison (HDSP). Plaintiff pursues claims premised on Davis' alleged retaliation and deliberate indifference/failure to protect. See ECF No. 14 (First Amended Complaint), and ECF No. 17 (screening order). By separate order, this court directs the United States Marshal to serve process on defendant Davis.

On April 6, 2015, in response to plaintiff's motion filed March 25, 2015, and in an abundance of caution, this court directed the Office of the California Attorney General to contact authorities at HDSP and inquire into the following matters, ECF No. 21 at 3:

> [P]laintiff's current physical and medical condition; the dates and nature of plaintiff's medical care beginning March 15, 2015 through the date of inquiry; plaintiff's current access to legal materials, including any limitations imposed on such access beginning March 15, 2015 through the date of inquiry; and

> plaintiff's current housing placement, including whether he is celled alone, and any security concerns or anticipated housing moves.

The court noted plaintiff's allegations that he had been assaulted by HDSP "yard crew" inmates, was denied medical care for his resulting injuries, was in fear for his life and thus required single-cell segregated housing, and had been denied his legal materials and mail. Although these matters were only tangentially related to plaintiff's allegations in this civil rights action, they appeared serious enough to require further inquiry.

On April 16, 2015, Supervising Deputy Attorney General Monica Anderson made a special appearance in this case to report on the matters identified by the court. The response includes supporting declarations and exhibits from HDSP physician Dr. R. Lankford and HDSP Litigation Coordinator C. Amrein. See ECF No. 26.

These materials demonstrate that plaintiff has been receiving regular medical care by his primary care physician (PCP), Dr. Lankford, including for a chronic heart condition. On the morning of March 16, 2015, plaintiff received an EKG as part of his regular care. See ECF No. 26-1 at 6. In the early afternoon of March 16, 2015, after an altercation on the yard (plaintiff stated that he "was jumped"), plaintiff was examined by LVN Bustamante who noted on a CDC Form 7219 Medical Report that plaintiff had abrasions or scratches on his left knee, left elbow and right thumb, but had no other visible injuries and voiced no other concerns. See id. at 8.

On March 20, 2015, plaintiff submitted a Health Care Services Request Form, stating that he had been in a physical fight on March 16, 2015, and "tumbled." Plaintiff stated, "I think I may have cracked a rib pain to touch and will not subside. My neck is stiff and has been for days." Id. at 10. Dr. Lankford summarized the notes taken pursuant to plaintiff's physical exam conducted the next day (Lankford Decl. ¶ 5, ECF No. 26-1 at 3):

> Hammler was examined on March 21, 2015, in response to his request to be seen for right lower rib pain. During the examination, Hammler stated that "he was trying to do dips on the bunk that morning, but that it hurt to do so." Hammler's vital signs were taken and found to be in the normal range; his lungs were clear, and he was able to bend over and touch his toes without difficulty or distress. He was also able to take long/deep breaths without difficulty and without coughing. There was no apparent bruising on his torso, and his ribs and muscles were all symmetrical without

> tenderness upon palpitation.  Plaintiff was advised that he would be seen by his [PCP], but if any symptoms worsened to notify medical staff immediately.  Plaintiff agreed with the care plan and verbalized his understanding back to staff in his own words.

On March 27, 2015, plaintiff was examined by Dr. Lankford, who recounts the following (Lankford Decl. ¶¶ 6-7, ECF No. 26-1 at 3-4):

> As Hammler's PCP, I examined him on March 27, 2015, for his complaints of right rib tenderness and pain.  Hammler requested that an x-ray of his right rib area be taken.  Hammler did not request any pain medication.  I ordered x-rays to rule out any injuries, but my examination of Hammler was otherwise unremarkable.  Hammler exhibited no signs of distress, he was eating normally, he had no fever, he had no change in his daily living activities, and his immunizations were also up-to-date.

Based on my review of the medical records and my own examination, it is my opinion that Hammler is receiving appropriate medical care for his complaint of right rib pain. . . .

With respect to the remaining matters, HDSP Litigation Coordinator Amrein informs the court of the following (see Amrein Decl, ECF No. 26-1 at 16-8 and attached exhibits):

> (1)  On March 16, 2015, plaintiff was involved in an altercation with another inmate (a staff member reportedly saw plaintiff assault the other inmate) for which plaintiff received a CDC 115 Rules Violation Report (RVR) for Assault on a Prisoner Without Serious Injury, in violation of 15 C.C.R. § 3005(d)(1); adjudication of that RVR remains pending.
>
> (2)  Plaintiff, previously housed on a Sensitive Needs Yard (SNY), was placed in the Administrative Segregation Unit (ASU) following the March 16, 2015 altercation due to enemy concerns regarding the other inmate involved in the altercation.  Plaintiff is currently single-celled but has been cleared by the Institution Classification Committee (ICC) for double-cell status.
>
> (3)  On March 24, 2015, based on enemy concerns, case factors including mental health concerns, and the pending RVR which could result in a Security Housing Unit (SHU) term, the ICC recommended that plaintiff be retained in the ASU pending adjudication of the RVR.  The ICC also recommended that plaintiff be transferred to an alternate Level IV SNY facility due to his documented enemy concerns at HDSP SNY.  Plaintiff's next ICC hearing is scheduled for May 10, 2015.
>
> (4)  Plaintiff received his legal property on March 30, 2015, and was able to go through it and retrieve what he wanted.

The court finds the response of the Deputy Attorney General, together with the declarations and exhibits submitted by Dr. Lankford and Mr. Amrein, demonstrate that plaintiff

3

1  has received and is receiving appropriate medical care,[1] is appropriately housed, is not in danger
2  of attack by other inmates, and has access to his legal materials.  For these reasons, plaintiff's
3  motion for court order, ECF No. 19, will be denied.

4      In an "Amend[ed] Motion for Order," filed April 6, 2015, plaintiff recounts matters
5  pertaining to the above-referenced RVR; includes copies of the RVR, his related injury report and
6  the injury report of the other inmate who was involved; and provides proposed questions for
7  witnesses plaintiff anticipates calling at his RVR hearing.  See ECF No. 23.  These matters are
8  unrelated to the allegations and claims in this action.  Accordingly, this motion will also be
9  denied.

10      The court notes that plaintiff has now filed three requests for extraordinary relief.  See
11  ECF Nos. 15, 19 and 23.  Plaintiff is informed that this court is unable to issue an order against
12  any individual who is not a party to the instant action.  See Zenith Radio Corp. v. Hazeltine
13  Research, Inc., 395 U.S. 100, 112 (1969).  Further motions seeking extraordinary relief will be
14  viewed with disfavor.  Plaintiff is informed that no matters require briefing at this time.

15      After service of process is completed by the United States Marshal on defendant Davis,
16  the court will issue a Discovery and Scheduling Order.

17      Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:
18      1.  Plaintiff's motions for extraordinary relief, ECF No. 19 and 23, are denied.
19      2.  The timely assistance of the Office of the Attorney General and HDSP staff is
20  acknowledged.
21      3.  Plaintiff is admonished to refrain from filing further extraneous matters in this action.
22  DATED: April 27, 2015

23      _____
    ALLISON CLAIRE
24      UNITED STATES MAGISTRATE JUDGE

---

27  [1] Notably, neither Dr. Lankford's declaration nor his exhibits reveal the findings of plaintiff's rib x-ray.  Nevertheless, plaintiff does not further reference this matter in his filings.  Moreover, the
28  instant case does not challenge plaintiff's medical care.