1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN HAMMLER,                            No.  2:14-cv-2073 MCE AC

12                 Plaintiff,

13          v.                                 ORDER SETTING SETTLEMENT
                                               CONFERENCE and STAYING DISCOVERY
14   C. DAVIS,

15                 Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to

18   42 U.S.C. § 1983.  The court has determined that this case will benefit from a settlement

19   conference.  Therefore, this case will be referred to United States Magistrate Judge Kendall J.

20   Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento,

21   California 95814 in Courtroom #25 on June 26, 2017, at 9:00 a.m.

22          Plaintiff shall have the option to appear at the settlement conference in person or by video

23   conference.  In the event video conferencing capabilities are unavailable, plaintiff may appear by

24   telephone.  Plaintiff will be required to return the attached form advising the court how he would

25   like to appear at the settlement conference so that the court may issue the appropriate orders.  A

26   separate order and writ of habeas corpus ad testificandum will issue once it has been determined

27   how plaintiff will appear.

28   ////

1    Notwithstanding the recent filing of a Further Scheduling Order in this case, see ECF No.

2    65, discovery is stayed until further order of this court, to allow the parties an opportunity to

3    concentrate on the terms of settlement and pursue informal settlement negotiations.

4    In accordance with the above, IT IS HEREBY ORDERED that:

5    1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

6    Newman on June 26, 2017, at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento,

7    California 95814 in Courtroom #25.

8    2.  Discovery is stayed until further order of this court.

9    3.  Plaintiff shall have the choice to attend the settlement conference in person or by

10   video.  Within ten days after the filing date of this order, plaintiff shall return the attached form

11   notifying the court whether he would like to attend the settlement conference in person or by

12   video.  If plaintiff chooses to appear by video and video conferencing is not available, he may

13   appear by telephone.  If plaintiff does not return the form telling the court how he would like to

14   attend the conference, the court will issue orders for plaintiff to appear by video.

15   4.  A representative with full and unlimited authority to negotiate and enter into a binding

16   settlement shall attend the settlement conference in person.[1]

17   5.  Those in attendance at the settlement conference must be prepared to discuss the

18   claims, defenses and damages.  The failure of any counsel, party or authorized person subject to

19   this order to appear in person may result in the imposition of sanctions.  In addition, the

20   conference will not proceed and will be reset to another date.

21

---

22   [1]  While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1      6.  The parties are directed to exchange non-confidential settlement statements seven days

2  prior to the settlement conference.  Defendant's statement shall simultaneously be delivered to the

3  court using the following email address: kjnorders@caed.uscourts.gov.  Plaintiff shall mail his

4  non-confidential settlement statement to arrive not less than seven days prior to the settlement

5  conference, addressed to Magistrate Judge Kendall J. Newman, USDC CAED, 501 I Street, Suite

6  4-200, Sacramento, CA 95814.  The envelope shall be marked "Settlement Statement."  If a party

7  desires to share additional confidential information with the court, they may do so pursuant to the

8  provisions of Local Rule 270(d) and (e).

9      SO ORDERED.

10  DATED: April 4, 2017

11

12  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>C. DAVIS,<br><br>                    Defendant. | No.  2:14-cv-2073 MCE AC P<br><br><br>PLAINTIFF'S NOTICE ON TYPE OF<br>APPEARANCE AT SETTLEMENT<br>CONFERENCE |

Check one:

_____ Plaintiff would like to participate in the settlement conference in person.

_____ Plaintiff would like to participate in the settlement conference by video/telephone.

_____          _____
Date                                                                      Allen Hammler
                                                                               Plaintiff pro se

1